**Andrew Altschul, OSB No. 980302**
E-mail: andrew@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORMA JEAN STEPHENS,**<br><br>Plaintiff,<br><br>v.<br><br>**STANDARD INSURANCE COMPANY,**<br><br>Defendant. | Civil No. 3:20-CV-00075-SI<br><br>**DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)** |

**LOCAL RULE 7-1 CERTIFICATION**

Pursuant to Local Rule 7, counsel for defendant has conferred with counsel for plaintiff. The parties made good faith efforts to resolve the dispute at issue in this Motion and have been unable to do so despite those efforts.

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

## I. MOTION

Defendant Standard Insurance Company, Inc. ("Standard") respectfully moves the Court to strike the deposition of John Hart, M.D., attached to and referenced as Exhibit A to the Motion for Judgment on the Record (FRCP 52), ECF 13, filed by Plaintiff Norma Jean Stephens ("Stephens") on December 1, 2020 as well as the arguments made in reliance on it. This *unauthenticated* six-year old deposition transcript from an unrelated matter in a California state court involving a different plaintiff, a different plan, and a different alleged disability has no bearing on the benefit decision at issue in this case. Although limited discovery in ERISA cases beyond the administrative record is permitted when it is "narrowly tailored to significantly illuminate" a structural conflict of interest's "effect on *the specific benefit decision under review*," Stephens neither sought discovery nor made this threshold showing. *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, No. 03-1391-AS, 2007 WL 649295, at *7 (D. Or. Feb. 26, 2007) (emphasis added). How Stephens came to possess this old irrelevant deposition transcript is a mystery. But Stephens could not have obtained it via the very limited discovery that may have been permissible in this case, and she should not be allowed to rely on it because it somehow fell into her possession.

Additionally, the exhibit should be stricken because the arguments Stephens makes in reference to the deposition are not supported by the transcript cited.

Accordingly, for all of these reasons, as detailed more in the Memorandum below, Standard asks this Court to strike this deposition and the arguments made in reliance upon it in its entirety.

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

## II. MEMORANDUM

**A.  Factual and Procedural Facts Relevant to this Motion.**

On December 1, 2020 Stephens filed a Motion for Judgment on the Record in this ERISA denial of long-term disability matter. ECF 13. As part of her Motion, Stephens included an exhibit, Exhibit A, which purports to be the deposition of John Hart, M.D. taken November 6, 2014 in the matter of *Stiller v. Standard Ins. Co.*, *et. al.*, filed in the Superior Court for the State of California for the County of San Francisco. ECF 13-1. Stephens did not provide a declaration with the exhibit to provide a foundational basis upon which this Court could properly admit this exhibit into evidence.

**B.  The Court Should Strike Exhibit A, the Deposition of John Hart, M.D., from Plaintiff's Motion for Judgment.**

**i.  The Exhibit Must be Stricken as Plaintiff has Not Established Any Basis for its Admissibility and has Not Properly Authenticated It.**

As a threshold matter, Stephens has made no attempt to provide a foundation for the deposition testimony or properly authenticate the evidence being offered. She merely alleges in the brief supporting her motion, and not under oath, that this is Dr. Hart's deposition. Plaintiff does not provide any of the critical information necessary for the parties and the Court to assess the authenticity of the evidence, does not describe whether this is a verified true and correct copy of the alleged deposition, and does not reveal how Stephens obtained this information. Stephens' failure to present Exhibit A in an admissible form or to provide even the most basic information to establish authenticity and an appropriate foundation mandates its exclusion. Fed. R. Evid. 901. *See also, Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550–51 (9th Cir. 1989) ("To be considered by the court on motions for summary judgment 'documents must be

Page 1 –  **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

authenticated by and attached to an affidavit that meets the requirements of [FRCP] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.'") (citing *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987)*; Orr v. Bank of America, NT & SA,* 285 F.3d 764, 777 (9th Cir. 2002) (excluding memorandum and trial testimony from unrelated case for lack of sufficient foundation and authentication); *Steven v. Roscoe Turner Aeronautical Corp.*, 324 F.2d 157, 161 (7th Cir. 1963) ("an uncertified copy of testimony is inadmissible in a summary judgment proceeding").

    **ii.**    **The Court is Not Permitted to Consider Evidence Outside the Administrative Record in an ERISA Case Subject to an Abuse of Discretion Review Except in Limited Situations Not at Issue in this Case**.

The parties agree that this is an ERISA denial of benefits action subject to an abuse of discretion review. *See* Briefing on the Merits. In such a case, it is well settled that "a district court may review *only* the administrative record available to the administrator at the time of the final benefit determination when considering whether the plan administrator abused its discretion…" *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (emphasis added); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 134 S.Ct. 604, 187 L.Ed.2d 529 (2013). As the Ninth Circuit has explained, to permit otherwise, "would open the door to the anomalous conclusion that a plan administrator abused its discretion by failing to consider evidence not before it." *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993). See also, *Thompson v. Ins. & Benefits Tr./Comm. Peace Officers Research Ass'n of California*, 670 F Supp 2d 1052, 1066 (ED Cal 2009) ("The focus of an abuse of discretion inquiry is the administrator's analysis of the administrative record—it is not an inquiry into the underlying facts.")

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

Accordingly, as this Exhibit is not part of the administrative record it cannot be considered in connection with the merits of the matter. Yet Stephens makes numerous arguments in Sections A.3, ECF 13 at 21-23 and D.2, ECF 13 at 32-35 of the Motion, that improperly suggests that Dr. Hart's deposition testimony in 2014 proves that his assessment of Stephens' case in 2017—an assessment that is identical to three other physicians who reviewed her medical records before him—is flawed. This attempted use of this deposition runs contrary to the law and it cannot be considered for that purpose.

Stephens' arguments are also unsupported by the deposition testimony. For example, she falsely claims that Dr. Hart "has demonstrated that he has no intention of seriously considering the possibility that pain can be disabling in this, or any other case." ECF 13 at 35. Yet Stephens does not include a cite to Dr. Hart's deposition testimony to support this assertion. Nor can she because Dr. Hart does not make this statement in the deposition.

Stephens makes several additional statements, like this, that are not supported by the deposition testimony cited. In particular, the following statements in the Motion are not supported by Dr. Hart's actual deposition testimony:

- "[Dr. Hart] believes that, unless you have had a recent surgery or are dying of cancer, one can essentially always perform sedentary work." ECF 13 at 22-23.

- Dr. Hart's deposition testimony "reveals that he essentially does not believe pain can be disabling, except in the most extreme circumstances." ECF 13 at 22.

- "[Dr. Hart's] prior deposition demonstrates that he would practically never find a chronic pain patient incapable of sedentary work." ECF 13 at 32.

- "Most importantly, Dr. Hart makes no allowance whatsoever for the impact of pain on Ms. Stephens and her ability to work. As shown in his deposition testimony described above, this is one of Dr. Hart's hallmarks.

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

> He does not believe that pain alone can ever be disabling, save for the most extreme cases." ECF 13 at 33.

- "Dr. Hart is not an open-minded judge of pain complaints, at least when it comes to a disability claim. He admits in his deposition that certain conditions can cause pain, but states that he would only ever find someone incapable of sedentary work due to pain 'in the acute setting,' the only examples of which came to his mind being cancer or after a recent surgery." ECF 13 at 34.

- "In Dr. Hart's view, if someone can physically achieve a sitting position at all, they can probably perform full-time sedentary work." ECF 13 at 34.

As Stephens herself ultimately concedes, contrary to all the misleading arguments above, "[w]hen specifically asked whether a patient with chronic back pain could ever be disabled from sedentary work, he admitted it would be possible." ECF 13 at 22. The fact that he, like the three other reviewing physicians before him, believed Stephens' medical records did not support a finding that she was unable to do sedentary work does not mean he was unwilling to do so. These self-serving misrepresentations of Dr. Hart's testimony are unfounded and unreliable and should be excluded from consideration.

### iii. While a Court may Consider Evidence Related to the Impact of a Structural Conflict on the Benefit Decision At Issue, this Deposition is Completely Irrelevant on that Issue.

In an ERISA denial of benefit claim subject to an abuse of discretion review, such as this one, evidence outside the administrative record *may* be relevant to allow a court to determine whether a structural conflict of interest, created when an insurer both decides and pays a benefit claim, had an impact on the specific decision at issue, and if so, the appropriate weight to assign a conflict of interest.[1] *Abatie,* 458 F.3d at 970. For that reason, *limited* discovery in ERISA cases

---

[1] The presence of this structural conflict does not change the standard of review; it is only relevant "to how a court conducts abuse of discretion review." *Abatie*, 458 F.3d at 965

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

beyond the administrative record is permitted *only* when it is "narrowly tailored to significantly illuminate the conflict's effect on the specific benefit decision under review." *Baldoni v. Unumprovident, Illinois Tool Works, Inc.*, No. 03-1391-AS, 2007 WL 649295, at *7 (D. Or. Feb. 26, 2007). "Although *Abatie* cleared the way for a court to consider the effect of a structural conflict of interest, that issue should not be allowed to eclipse the decision on the merits and undermine ERISA's goal to provide inexpensive and expeditious review of benefit decisions." *Baldoni*, 2007 WL 649295, at *6.

"Plaintiffs are not entitled to conflict of interest discovery simply because they say a structural conflict of interest exists (because [the defendant] funds benefits under the severance plan). Rather, plaintiffs are *only* entitled to conflict of interest discovery if they make *a threshold showing* that the administrator's decision was tainted by the conflict of interest." *Daul v. PPM Energy, Inc.*, No. 08-CV-524-AC, 2010 WL 3945001, at *10 (D. Or. Oct. 6, 2010) (emphasis added), *aff'd,* 444 F. App'x 147 (9th Cir. 2011). As explained in *Patrick v. Hewlitt-Packard Co. Employee Benefits Org. Income Prot. Plan*, No. 06CV1506-JMA (WMC), 2008 WL 11337585, at *7 (S.D. Cal. Sept. 29, 2008), even when discovery is permitted, it "would have to be strictly focused on the Defendant's conduct in the specific case and not on the Defendant's general conduct. That discovery would not need to prove the *existence* of a conflict, but rather *the adverse effect* of the conflict on the specific claims decision at issue. Further, Plaintiff would need to cite specific evidence from the administrative record to justify the need for discovery." (emphasis in original).

---

(emphasis added); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115-116, 128 S. Ct. 2343, 2350, 171 L.Ed.2d 299 (2008).

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

Stephens did not serve any discovery in this case. Even if she had, she would not be able to obtain anything, much less a six-year old deposition from an unrelated matter in a different forum, without making the required threshold showing that the requested deposition testimony had an adverse effect on her benefit decision. To now allow plaintiff to include evidence she obtained through other means is improper. If the Court does not strike this evidence, it will completely undermine the purpose that the limitations on discovery were implemented for in the first place.

More importantly, even had she tried to obtain this information through proper means, it would not have been permitted because the deposition testimony attached as Exhibit A does not provide *any* relevant evidence suggesting that a structural conflict of interest had an adverse impact on the claims decision *in this particular case*. Plaintiff claims that the deposition reveals that Dr. Hart's medical opinion was driven by financial issues. To do so, plaintiff extrapolates that because Standard sent out routine emails to its employees during 2014 that occasionally included some financial information about its overall financial health, it necessarily meant that its profitability was "of interest to nearly everyone at the company." ECF 13 at 16. This ridiculous inference tells us nothing about how it impacted Dr. Hart's opinion regarding Stephens' medical records three years later.

In sharp contrast to Stephens' speculation, Dr. Hart testified he did not regularly read the employee emails and was not influenced by them. ECF 13-1 at 4, deposition pages 13-14. In addition, and of greater relevance, as noted in the actual Administrative Record ("AR"), Dr. Hart attested that he is not under any financial or other pressure to issue certain opinions, that he is merely expected to give his best well-reasoned opinion, and explained how he is compensated in

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

the memorandum opinion he issued when reviewing Stephens medical records. (AR 93).[2] *See Robertson v. Standard Ins. Co.*, 139 F Supp 3d 1190, 1203 (D. Or. 2015) (rejecting plaintiff's claim that Dr. Hart was financially motivated because of the terms used in a 7-year-old independent contractor agreement).

In short, this six-year-old deposition from a different case in a different forum, involving a different plan, and a different plaintiff with a different medical history has no bearing on the structural conflict's potential effect on the decision in this case.

### III.   CONCLUSION

For the foregoing reasons, defendant moves to strike Exhibit A, the deposition of John Hart, M.D. from plaintiff's Motion for Judgment, and for any further relief which is just.

DATED: January 15, 2021

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Andrew Altschul
Andrew Altschul, OSB No. 980302
andrew@baaslaw.com
Telephone: (503) 974-5015
Attorneys for Defendant

---

[2] The AR in this case was submitted to the Court as Exhibit 1 to the Declaration of Jamillah Sanders (ECF. 12). Citations to the AR reference the final two to four digits of the bates numbering on the Exhibit.

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

## CERTIFICATE OF SERVICE

      I hereby certify that I caused to be served the foregoing **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT AND MEMORANDUM IN SUPPORT** on the following-named persons on the date indicated below in the manner indicated:

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ email

☒ notice of electronic filing using the CM/ECF system

Jeremy L. Bordelon, OSB No. 160789
465 Northeast 181st Avenue, #500
Portland, OR 97230
jeremy@evergreendisability.com

DATED: January 15, 2021

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Andrew Altschul
Andrew Altschul, OSB No. 980302
Telephone: (503) 974-5015
Attorneys for Defendant

Page 1 – **DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**