**Andrew Altschul, OSB No. 980302**
E-mail: andrew@baaslaw.com
BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP
921 SW Washington St., Suite 516
Portland, OR 97205
Telephone: (503) 974-5015
Facsimile: (971) 230-0337

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NORMA JEAN STEPHENS,**<br><br>Plaintiff,<br><br>v.<br><br>**STANDARD INSURANCE COMPANY,**<br><br>Defendant. | Civil No. 3:20-CV-00075-SI<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)** |

**REPLY IN SUPPORT OF MOTION TO STRIKE**

Stephens provides no evidence to demonstrate that this unrelated, six-year-old deposition illuminates or suggests that the structural conflict of interest adversely impacted the decision in this case. For this and the reasons discussed below, the Court should strike the exhibit.

Page 1 –  **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

A.   **Authentication and Admissibility Matter.**

Plaintiff seems to believe that admissibility and foundation are not important. There is, however, no stage of the judicial process when it is appropriate to simply ignore the basic requirements of admissibility of evidence. *See* Fed. R. Evid. 101 (the Federal Rules of Evidence apply in all proceedings before the United States courts). Here, plaintiff's after-the-fact attempt at authentication fails to resolve the fundamental issue of admissibility. Defendant's objection was not merely to the authenticity of the transcript, but also to admissibility and lack of foundation for introduction of the testimony itself. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002) (authenticity concerns the genuineness of an item of evidence, not its admissibility). To introduce deposition testimony, a party must demonstrate admissibility under Fed. R. Civ. P. 32 and meet the fundamental requirements for relevancy, authentication, "best evidence" and hearsay. Here, while plaintiff has now provided evidence that the transcript is authentic, this still falls well short of providing a foundation upon which the Court can rely on the testimony in making its decision.

B.   **Plaintiff has Not Proffered Any Evidence that the Claims Adjustor in this Case was Aware of the Hart Deposition Even if, as Plaintiff Argues, Standard's Corporate Knowledge Should be Imputed to Every Employee.**

In response to plaintiff's claim that Dr. Hart's deposition should be considered a part of the administrative record because "Standard is well aware of what Dr. Hart said," Plaintiff's Response in Opposition to Defendant's Motion to Strike ("Response"), ECF 19 at. 4, defendant must ask: who is Standard? More precisely, exactly which employees are charged with knowing all of the Company's information? There are 3,500 employees managing thousands of claims. Each one is charged with handling his or her own claims with integrity and care – this requires

time and attention they would be unable to devote to their own cases if they were also charged with knowing the details of every bit of testimony by contractors in unrelated matters from years ago.

Moreover, to the extent plaintiff might argue that Standard should have shared its institutional knowledge to all employees, what exactly would it share? Standard could have shared that in one case involving Dr. Hart, he was asked about a possible financial conflict, but stated he did not read and was not influenced by financial information that was sent to him. This information, without more, would not compel any analyst to change his or her claim-handling strategy.[1]

Most importantly, of course, plaintiff has failed to proffer any evidence to show that the claims analyst in this case possessed actual knowledge of the prior Hart deposition or had any reason to question using Dr. Hart (as opposed to any other consulting doctors), particularly since Dr. Hart's opinion was in line with the three other physicians who reviewed plaintiff's file.

C. **Plaintiff's Suggestion that Every Deposition Taken in a Case Involving Standard be Considered Part of the Administrative Record in Every Other Case is Plainly Inconsistent with Current Precedent.**

Plaintiff argues that Dr. Hart's prior testimony should be "considered part of the administrative record" here because it involved Standard. This translates, in effect, to a request for this Court to hold that *every* deposition of *every* expert and physician retained by Standard, despite when or where it was taken, or whether it involved parties or situations related to the

---

[1] Presumably, plaintiff would argue that Standard should have banned Dr. Hart from its list of consultants because his opinion can never be relied upon. That overreaching conclusion, however, is not supported by the deposition at issue nor case law. *See generally*, Standard's Reply in Support of Defendant's Motion for Summary Judgment, Or In the Alternative, Its Cross-Motion for Judgment Pursuant to Fed. R. Civ. Pro 52 ("Standard's Reply on the Merits"), ECF 20 at 6-7.

Page 3 – **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

current matter, is part of the administrative record in every other unrelated case that involves Standard. This ignores years of caselaw admonishing courts in abuse of discretion cases not to consider evidence that was not before the plan administrator at the time of the benefits decision. It is also inconsistent with the goal of providing inexpensive and expeditious review of benefit decisions. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006). The Court should not hold that Dr. Hart's testimony from an unrelated matter is automatically part of the administrative record in this or any future case.

> D.  **Standard's Use of Dr. Hart is Not Automatically an Abuse of Discretion.**

There is no evidence to support plaintiff's contention that Standard's decision to utilize Dr. Hart as an expert automatically constitutes an abuse of discretion. The courts who have faced concerns about Dr. Hart's testimony have soundly rejected the idea that his involvement alone justifies a more intensive review of the evidence, much less demonstrates bias. The court in *Williams v. Standard Ins. Co*., 2017 WL 1398819 (E.D. Ca. April 19, 2017) rejected a request, like the one in the instant case, to admit prior deposition testimony showing that Dr. Hart received compensation from Standard, received management emails sent to all employees, and opined that the claimant was capable of performing sedentary work. The court found the prior testimony failed to demonstrate bias, particularly since the administrative record already revealed that Dr. Hart was a contractor paid by Standard to perform medical reviews on a regular basis.[2] *Id*. at *5. Similarly, the court in *Robertson v. Standard Ins. Co.*, 139 F. Supp. 3d 1190, 1203 (D. Or. 2015) rejected plaintiff's claim that Dr. Hart was financially motivated due to his independent contractor agreement. *See also*, Standard's Reply on the Merits, ECF 20, at 6-7.

---

[2] In the instant matter, Dr. Hart's opinions contain an attestation of his independence that explains he is paid based on the time he spends on a file, not on the outcome he finds. (AR 93).

Page 4 – **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

E.  **Plaintiff Fails Yet Again to Proffer Any Evidence that the Deposition at Issue Reveals a Conflict that Impacted this Case.**

As is plain from plaintiff's brief, plaintiff is not truly concerned about bias – she wants to use the deposition to attack the merits of Dr. Hart's medical conclusions and the "reasonableness of Standard's decision to deny Plaintiff's disability claim." Response, p. 1. This is improper, as the only permissible use of the evidence of bias is to impact the level of scrutiny by the Court on the administrator's decision.[3]

Moreover, plaintiff's reliance on *Nolan* to argue that this Court must hold a bench trial to evaluate possible bias is flawed for two reasons.

First, the question before the *Nolan* court was *after* the court agreed *to admit and give weight to* evidence outside the record, whether the court's handling of the evidence was inconsistent with the summary judgment standard. *Nolan v. Heald College*, 551 F.3d 1148, 1154–55 (9th Cir. 2009). Here, for all the reasons previously discussed, this evidence should not be admitted nor given any weight and, thus the situation in *Nolan* is not applicable.

Second, *Nolan* "does not hold that a bench trial is always required on the issue of conflict of interest and bias. Rather, *Nolan* requires the district court to employ the traditional rules of summary judgment and view the evidence of conflict of interest in the light most favorable to the non-moving party." *Welsh v. Metro. Life Ins. Co.*, 449 F. App'x 585, 586 (9th Cir. 2011).

---

[3] Because no caselaw using the abuse of discretion standard justifies plaintiff's use, plaintiff cites to cases that arise under the *de novo* standard of review which are, therefore, inapplicable. *Quesinberry v. Life Ins. Co. of North Am.,* 987 F.2d 1017, 1025 (4th Cir.1993) (en banc)) (*de novo* review); *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (*de novo* review). Of course, even in a *de novo* case, absent concrete allegations related to the "qualifications or credibility of contractor physicians" beyond "mere financial compensation," the court would not permit an inquiry into past testimony. *See Kelly v. Standard Ins. Co.*, 2018 WL 3639844, *2-3 (D. Or. July 3, 2018). *See also, Williams*, 2017 WL 1398819 at * 5 (denying admission of a prior unrelated deposition by Dr. Hart in *de novo* review case).

Page 5 –  **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

Accordingly, as the court explained in *Nolan*, while "the district court would have been permitted to weigh such evidence" and could have disregarded the inference of bias in a case under Fed. R. Civ. P. 52, it could not do so at the summary judgment stage. *Id*. at 1154. Here, plaintiff moved under Fed. R. Civ. P 52, rather than for summary judgment case, so even if the Court chose to consider this evidence and give it weight, this holding does not justify this Court's need for an evidentiary hearing as the summary judgment inferences would not apply.[4]

F.  **Conclusion.**

For the foregoing reasons, defendant moves to strike Exhibit A, the deposition of John Hart, M.D. from plaintiff's Motion for Judgment, and for any further relief which is just.

DATED: February 12, 2021	BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP

s/ Andrew Altschul
Andrew Altschul, OSB No. 980302
andrew@baaslaw.com
Telephone: (503) 974-5015
Attorneys for Defendant

---

[4] Admittedly, Standard moved for summary judgment (or in the alternative, a cross motion under Fed R. Civ. P. 52) based on this Circuit's long-standing holding that in an ERISA benefits denial case, "a motion for summary judgment is merely the conduit to bring the legal question before the district court and the usual tests of summary judgment, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir. 1999). Because this deposition should not be admitted and would not justify greater scrutiny of the inherent conflict in this instance in any case, this case stands in sharp contrast to *Nolan*, and the need to more intensively examine the alleged bias in a bench trial is unnecessary regardless of whether the Court deems this a summary judgment motion or one under Fed. R. Civ. P. 52. If the Court disagrees, then Standard would request the Court rule on its cross motion for Fed. R. Civ. P. 52, rather than its motion for summary judgment, to avoid the wasted time of an evidentiary hearing on a six-year old unrelated deposition.

Page 6 –  **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT ON THE RECORD (FRCP 52)**

CERTIFICATE OF SERVICE

I hereby certify that I caused to be served the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE EXHIBIT A, THE DEPOSITION OF JOHN HART, M.D., FROM PLAINTIFF'S MOTION FOR JUDGMENT AND MEMORANDUM IN SUPPORT** on the following-named persons on the date indicated below in the manner indicated:

☐ mailing with postage prepaid

☐ hand delivery

☐ facsimile transmission

☐ email

☒ notice of electronic filing using the CM/ECF system

Jeremy L. Bordelon, OSB No. 160789
465 Northeast 181st Avenue, #500
Portland, OR 97230
jeremy@evergreendisability.com


DATED: February 12, 2021            BUCHANAN ANGELI ALTSCHUL &
                                    SULLIVAN LLP

                                    s/ Andrew Altschul
                                    Andrew Altschul, OSB No. 980302
                                    Telephone: (503) 974-5015
                                    Attorneys for Defendant

Page 1 – **CERTIFICATE OF SERVICE**